UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CHELSEA ROUSSEL,<br>on behalf of herself and others<br>similarly situated,<br><br>    Plaintiff,<br>vs.<br><br>PRO TEETH WHITENING CO. LTD.<br><br>    Defendant, | Case No. 1:20CV-00277-JJM-PAS<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT PRO TEETH WHITENING CO. LTD's
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant, Pro Teeth Whitening Co. Ltd. ("Pro Teeth"), moves the Court to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 8, 9, 10, and 12, and states as follows:

**I.   INTRODUCTION**

Plaintiff brings this putative nationwide class action asserting causes of action based on statutory, equitable, and common law theories of recovery under the laws of all fifty states in relation to charcoal dentifrice products sold by Defendant. Each of Plaintiff's claims should be dismissed for a variety of reasons, which can be summarized as follows:

1. Plaintiff's Complaint violates Rule 10(b), which requires separate claims to be asserted in separate counts, by asserting claims for the violation of fifty separate states' laws under single counts of the Complaint.

2. Count III of the Complaint should be dismissed because the Rhode Island Consumer Protection Act's government regulation exemption forecloses this claim.

3. Plaintiff's breach of warranty claims fail because Plaintiff did not provide the requisite notice as a matter of law and because there was no privity of contract.

1

4.      Plaintiff, a Rhode Island resident, does not have Article III standing to bring claims on behalf of a nationwide class based on the application of the laws of states other than Rhode Island.

5.      All of Plaintiff's claims based in fraud should be dismissed for failure to sufficiently meet applicable notice pleading requirements pursuant to Rules 8 and 9.

Accordingly, as further described below, Plaintiff's Complaint should be dismissed with prejudice.

## II.    LEGAL STANDARD FOR MOTION TO DISMISS

Without standing, the Court lacks subject matter jurisdiction and the claim should be dismissed under Rule 12(b)(1). *See Lyman v. Baker*, 954 F.3d 351, 360 (1st Cir. 2020). To establish Article III standing, Plaintiff must show: "(1) that the plaintiff suffered an 'injury in fact,' (2) that there is a 'causal connection between the injury and the conduct complained of,' and (3) that it is 'likely' that the injury will be redressed by the requested relief." *Sutliffe v. Epping School Dist.*, 584 F.3d 314, 325 (1st Cir. 2009)(citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). Plaintiff bears the burden of proof for each of these elements. *Osediacz v. City of Cranston*, 414 F.3d 136, 139 (1st Cir. 2005). "[E]ach element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561 (1992). When the "case is at the pleading stage, the plaintiff[s] must 'clearly . . . allege facts demonstrating' each element." *Amrhein v. eClinical Works, LLC*, 954 F.3d 328, 330 (1st Cir. 2020).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* FED. R. CIV. P. 12(b)(6). A complaint's "[f]actual allegations must be enough

to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 545.  "[T]he doors of discovery" do not unlock "for a plaintiff armed with nothing more than conclusions," which should be disregarded along with formulaic recitations of elements as well as unwarranted deductions and inferences.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Twombly*, 550 U.S. at 545.

### III.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED UNDER RULE 10(B)

Plaintiff's Complaint should be dismissed for impermissibly lumping various state law claims within single counts of the Complaint in violation of Rule 10(b).  Rule 10(b) provides that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  FED. R. CIV. P. 10(b).  The rule also provides that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence ... must be stated in a separate count ...."  *Id.*  Plaintiff instead alleges violations of the laws of all fifty states, but cites no applicable statutes or authority from any state other than Rhode Island, making it impossible for Pro Teeth to respond.

More specifically, each count of Plaintiff's Complaint is pled to include statutory, equitable, or common-law tort theories of recovery for the laws of all fifty states without citation to the laws of *any other state*.  *See* Count I ("Plaintiff brings this claim under Article 2 of the Uniform Commercial Code [ ] as codified under Rhode Island law at 6A R.I. Gen. Laws § 6A-1-101 *et. seq.* and other alternatively reserves the right to bring this claim on behalf of state subclasses under Section 2-313 of the UCC has it has been adopted, codified and applied by such states where members of the Nationwide Class reside, and does so on behalf of herself and the members of the Nationwide Class" (¶140; *see also* n.109)); Count II ("Plaintiff brings this claim under Article 2 of the UCC (as codified under Rhode Island law at 6A R.I.G.L.§ 6A-1-101 *et. seq.*

and other states where members of the Nationwide Class reside and does so on behalf of herself and members of the Nationwide Class" (¶ 153)); Count III ("Plaintiff and Nationwide Class members reasonably and justifiably relied upon the Pro Teeth's negligent and unsubstantiated misrepresentations and Pro Teeth's suppression and omission of material information, which were in violation of Pro Teeth's duties, and Plaintiff and members of the Nationwide Class have been damaged thereby" (¶174)); Count IV ("Alternatively, and as a separate and alternative theory of recovery to the other Counts alleged herein, various subclasses might be created for the application of other states' laws, or to be grouped based on materially identical state laws. Plaintiff brings this claim alternatively on behalf of a putative set of subclasses or alternative nationwide class, loosely termed the Classes herein." (¶¶180-81; *see also* ¶204)); Count V (asserting Nationwide Class claims for unjust enrichment. (¶205-212)).

Plaintiff cannot plausibly make allegations in such broad, non-specific terms, yet assert that those claims cover the laws of fifty separate states. Because Plaintiff's Complaint impermissibly lumps disparate and separate theories of liability arising under the laws of fifty states together into single counts, Pro Teeth cannot respond to the Complaint as the precise legal theories and claims being asserted (other than those based on Rhode Island law) are entirely unclear. Accordingly, Plaintiff's Complaint should be dismissed for failing to comply with Rule 10(b) and for failing to state a claim on which relief can be granted under Rule 12(b)(6).

### IV. PLAINTIFF'S CONSUMER PROTECTION ACT CLAIMS ARE FORECLOSED BY THE STATUTORY EXEMPTION FOR REGULATED ACTIVITIES

Plaintiff's Unfair Trade Practice claims also fail and should be dismissed. The Unfair Trade Practice and Consumer Protection Act (the "Act") expressly exempts from its provisions all "actions or transactions permitted under laws administered by the department of business regulation or other regulatory body or officer acting under statutory authority of this state or the

4

United States" R.I.G.L. 15 § 6-13.1-4.  This provision precludes the Act from reaching conduct subject to comprehensive regulatory schemes – regardless of the purpose of such other regulatory schemes, and regardless of whether a private right of action exists under such other regulatory schemes.  *See Chavers v. Fleet Bank (RI), N.A.*, 844 A.2d 666, 671 (R.I. 2004).

On the face of the Complaint, Plaintiff alleges that there is a comprehensive federal regulatory scheme in place that governs the labeling of cosmetics, including dentifrice products. *See, e.g.,* Compl., ¶¶ 70-73, 104-106, 109-111, 191-198.  Plaintiff alleges that Pro Teeth violated the federal statutes and regulations cited in the Complaint, including, *inter alia*, sections of the Federal Trade Commission Act ("FTC Act"); the Federal Food, Drug and Cosmetic Act ("FD&C Act"); the Fair Packaging and Labeling Act ("FP&L Act"); and multiple references to a "federal framework" and "federal statutory law." *Id.*  Thus, claims arising under the Act against Pro Teeth are barred by the government regulation exemption and must be dismissed for failure to state a claim on which relief can be granted.  Further, Plaintiff's alternative claims for violation of unidentified consumer protection laws of the other forty-nine states should also be dismissed where such claims similarly contain statutory exemptions for federally regulated activities.

In addition to Plaintiff's claims being barred by the state exemption, the FD&C Act and the FTC Act do not provide for a private cause of action. *See* 21 U.S.C. § 337(a) ("Except as provided in subsection (b), all such proceedings for the enforcement, or to restrain violations, of this chapter shall be by and in the name of the United States.");  *See Holloway v. Bristol-Myers Corp.*, 485 F.2d 986, 989 (D.C. Cir. 1973) (holding the FTC Act does not provide for a private right of action).  To the extent Plaintiff repeatedly alleges violations FD&C Act and FTC Act, no federal private right of action exists.  Plaintiff's claims should be dismissed for failure to state a claim on which relief can be granted.

## V.    PLAINTIFF'S BREACH OF WARRANTY CLAIMS FAIL

In order to state a claim for breach of warranty, a plaintiff "must within a reasonable time after he or she discovers or should have discovered any breach notify the seller of breach or be barred from any remedy." R.I.G.L.§ 6A-2-605; s*ee also San Antonio v. Warwick Club Ginger Ale Co.*, 248 A.2d 778, 781 (R.I. 1968) (dismissing warranty claim given to defendant twelve months after incident giving rise to claims); *see also Hubbard v. Gen. Motors Corp.,* No. 95 CIV. 4362, 1996 WL 274018, at *5 (S.D.N.Y. May 22, 1996) (dismissing breach of warranty claim because "Plaintiff's Complaint lacks any allegation that plaintiff notified [the seller] of the claimed defect."); *Quinn v. Walgreen Co.,* 958 F. Supp. 2d 533, 544 (S.D.N.Y. 2013) (dismissing breach of warranty claims because complaint did not allege that timely notice was provided).

Here, the Complaint contains no allegation that Plaintiff provided timely notice to Pro Teeth of the alleged product issues, nor, for that matter, that she ever provided any notice at all. Accordingly, Plaintiff's warranty claims should be dismissed for failure to state a claim on which relief can be granted.

Furthermore, Plaintiff's implied warranty of merchantability claim fails because Plaintiff never alleges the element of a contract between the parties nor facts supporting a contract between the parties. Plaintiff bases her claim on R.I.G.L. § 6A-2-314, which requires privity of contract to bring an implied warranty claim under Rhode Island law. As the Rhode Island Supreme Court noted, the statute "provides that 'a warranty that the goods shall be merchantable is implied in *a contract for their sale* if the seller is a merchant with respect to goods of that kind.' . . . It is inconceivable that plaintiff could succeed on a claim of breach of implied warranty of merchantability when a contract for sale was never realized." *Dent v. PRRC, Inc.*, 184 A.3d 649, 653 (R.I. 2018) (emphasis original). Plaintiff failed to allege privity of contract and failed to allege

the facts to support privity of contract. That is because there are none. There was no contract between the parties. Plaintiff's implied warranty of merchantability claim should be dismissed for failure to state a claim on which relief can be granted.

## VI. PLAINTIFF LACKS ARTICLE III STANDING TO ASSERT CLAIMS ON BEHALF OF A NATIONWIDE CLASS OR FOR VIOLATIONS OF OTHER STATES' LAWS

Plaintiff, a Rhode Island resident, lacks Article III standing to assert "nationwide" claims because she has not suffered "nationwide" injuries that can be redressed through these counts. Plaintiff's claims in each count of the Complaint are based on the violation of the state laws of the fifty separate states. *See* Counts I – V. But the claims for violations of the laws of the other forty-nine states have no application to Plaintiff's claims or her alleged injuries. *E.g., In re Niaspan Antitrust Litig.*, 42 F. Supp. 3d 735, 757-58 (E.D. Pa. 2014); *In re Refrigerant Compressors Antitrust Litig.*, 2012 WL 2917365, at *6-7 (E.D. Mich. July 17, 2012); *Thomas v. Metropolitan Life Ins. Co.*, 540 F. Supp. 2d 1212, 1224-1226 (W.D. Ok. 2008) (dismissing claims alleging violations of the laws of the 40 states where the plaintiff is not alleged to have been a resident for lack of standing).

Thus, Plaintiff only has standing to bring claims related to the alleged violations of Rhode Island law – not the laws of the other forty-nine states that have no application to her purchase of the subject toothpaste or her purported injuries. *See, e.g. Sanchez-Knutson v. Ford Motor Co.*, No. 14-61344-CIV-DIMITROULEAS, 2015 WL 11197772, at *2 (S.D. Fla. July 22, 2015) (dismissing nationwide Magnuson-Moss claim); *In re Ford Tailgate Litig.*, 11-CV-2953-RS, 2014 WL 1007066, *5 (N.D. Cal. Mar. 12, 2014) (dismissing putative "nationwide" Magnuson-Moss claims in the absence of a named plaintiff asserting a breach of warranty under those state's laws); *In re Porsche Cars N. Am., Inc. Plastic Coolant Tubes Prods. Liab. Litig.,* 880 F. Supp. 2d 801, 819 (S.D. Ohio 2012) (same); *In re Graphics Processing Units Antitrust Litig.,* 527 F. Supp. 2d

1011, 1026 (N.D. Cal. 2007) (dismissing state law claims in putative class action because no named plaintiff resided in those states); *Granfield v. NVIDIA Corp.,* C 11-05403 JW, 2012 WL 2847575, at *4 (N.D. Cal. July 11, 2012) (dismissing all non-Massachusetts state law warranty claims with prejudice); *Suarez v. Playtex Prods., Inc.*, 08-C-2703, 2009 WL 2212315, at *2 (N.D. Ill. July 24, 2009) (dismissing claims for jurisdictions where plaintiffs did not live); *Cornelius v. Fidelity Nat'l Title Co.*, C08-754MJP, 2009 WL 596585, at *9-10 (W.D. Wash. Mar. 9, 2009) (no basis for claims under out-of-state laws; lacking standing, claims dismissed); *McGuire v. BMW of N. Am., LLC,* CIV.A. 13-7356 JLL, 2014 WL 2566132, at *6-7 (D.N.J. June 6, 2014) ("[T]his Court agrees that the Plaintiff here lacks standing to assert claims under the laws of the states in which he does not reside, or in which he suffered no injury); *Xi Chen Lauren v. PNC Bank, N.A.,* 296 F.R.D. 389, 391 (W.D. Pa. 2014) ("[Plaintiff] suffered an alleged injury exclusively under Ohio law. Therefore she does not have standing to assert unjust enrichment claims under the law(s) of any other state"); *In re Packaged Ice Antitrust Litig.*, 779 F. Supp. 2d 642, 657 (E.D. Mich. 2011) ("[N]amed plaintiffs lack standing to assert claims under the laws of states in which they do not reside or in which they suffered no injury"); *In re Niaspan Antitrust Litig.*, 42 F. Supp. 3d 735, 758 (E.D. Pa. 2014) (same).

Plaintiff has not alleged facts supporting elements of other state's laws for deceptive or unfair practices. For example, at least Indiana, Arkansas, Texas, and Wyoming statutorily require the Plaintiff to have *relied* on the deceptive act to bring a private right action. *See e.g.* Ind. Code Ann. § 24-5-0.5-4 (2020); Ark. Code Ann. § 4-88-108 (2020); Tex. Bus. & Com. Code Ann. § 17.50(a)(1)(B) (2019); Wyo. Stat. Ann. § 40-12-18(a) (2020)). Plaintiff doesn't sufficiently allege reliance. Plaintiff doesn't allege plausible facts supporting that she relied on any specific representations with her single $14.99 purchase. Instead, she references unspecified

representations on multiple dentifrices products' packaging that she never purchased and could not possibly have relied on. Plaintiff merely alleges unidentified consumers relied on the generic packaging labeling. *See, e.g., Compl.*, ¶¶ 56-57. No specific statement on any of the packaging was identified as relied upon by Plaintiff or any other individual. Plaintiff failed to allege plausible facts to support a "nationwide" class action claim. A class action solely relying on Rhode Island law and failing to allege facts to survive other state deceptive trade practice laws is insufficient for a "nationwide" class action and should be dismissed.

Plaintiff has not alleged facts to meet the legal standard for deceptive trade practices required by other states and the First Circuit. For example, Plaintiff's allegations would fail under a Chapter 93A claim in Massachusetts for deceptive and unfair trade practices. The state's Supreme Judicial Court ("SJC") "has repeatedly held that 'mere negligence,' standing alone, is not sufficient for a violation of ch. 93A -- something more is required" *Baker v. Goldman, Sachs & Co.,* 771 F.3d 37, 51 (1st Cir. 2014). "And [the 1st] Circuit has again followed the Massachusetts courts' lead in using the term 'egregious' to state the standard of ch. 93A liability." *Baker* 771 F.3d at 51. "[T]he SJC has instructed that even negligent misrepresentations (which, by definition, 'could reasonably be found to have caused a person to act differently from the way he or she otherwise would have acted') give rise to ch. 93A liability only if they are 'extreme' or 'egregious.'" *Baker* 771 F.3d at 51. Plaintiff failed to allege extreme or egregious behavior, much less facts to support extreme or egregious behavior. Therefore, Plaintiff's "nationwide" class action cannot stand.

Accordingly, Plaintiff's non-Rhode Island claims should be dismissed for lack of standing under Rule 12(b)(1), which deprives the court of jurisdiction. Plaintiff's non-Rhode Island claims should be dismissed for failure to state a claim on which relief can be granted under Rule 12(b)(6).

**VII.     PLAINTIFF'S CLAIMS BASED ON FRAUD SHOULD BE DISMISSED**

"Federal Rule of Civil Procedure 9(b) imposes a heightened pleading requirement on plaintiffs alleging fraud." *Suna v. Bailey Corp.*, 107 F.3d 64, 68 (1st Cir.1997); *see also Alternative Sys. Concepts, Inc. v. Synopsys, Inc.*, 374 F.3d 23, 29 (1st Cir.2004) (explaining that cases alleging fraud and misrepresentation constitute an exception to the general rule that "[g]reat specificity is ordinarily not required to survive a Rule 12(b)(6) motion"). Rule 9(b) states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED.R.CIV.P. 9(b). A complaint making such allegations must: 1) specify the statements that the plaintiff contends were fraudulent; 2) identify the speaker; 3) state where and when the statements were made; and 4) explain why the statements were fraudulent. *Suna*, 107 F.3d at 68; *Grady v. Goldberg*, CA 07-237 ML, 2008 WL 821610, at *5 (D.R.I. Mar. 27, 2008); *compare* 5A C. Wright & A. Miller, Federal Practice and Procedure § 1301, p. 291 (3d ed. 2004) ("[A] rigid rule requiring the detailed pleading of a condition of mind would be undesirable because, *absent overriding considerations pressing for a specificity requirement, as in the case of averments of fraud or mistake*, the general 'short and plain statement of the claim' mandate in Rule 8(a) ... should control the second sentence of Rule 9(b)") (emphasis added). If the Rule 9(b) standard is not met, dismissal under Rule 12(b)(6) is appropriate. *Clark v. Mortgage Elec. Registration Sys., Inc.,* 7 F. Supp. 3d 169, 182 (D.R.I. 2014).

"By its terms, Rule 9(b) applies to 'all averments of fraud,' " *Rombach v. Chang*, 355 F.3d 164, 171 (2d Cir. 2004), "and is not limited to allegations styled or denominated as fraud or expressed in terms of the constituent elements of a fraud cause of action." *Id.* Thus, the heightened pleading requirements of Rule 9(b) apply to "any claim that 'sounds in fraud,' regardless of whether

fraud is an element of the claim." *Tyman v. Pfizer, Inc.*, 16CV06941LTSBCM, 2017 WL 6988936, at *8 (S.D.N.Y. Dec. 27, 2017).

Here, certain of Plaintiffs' claims are rooted in purported misrepresentations or omissions regarding Pro Teeth's charcoal dentifrice packaging and online information. *See* Compl. ¶19 ("Defendant's conduct also constitutes a breach of express and implied warranties, and violations of common law including negligent misrepresentation and fraud. Defendant was unjustly enriched as a result."); *Id*. ¶32 ("Whether Pro Teeth engaged in unfair, fraudulent, or unlawful business practices with respect to the advertising, marketing, and sale of the Charcoal Dentifrice  Their allegations must therefore pass Rule 9(b)'s muster"); ("As a result of Pro Teeth's deceptive, fraudulent and misleading labeling, advertising, marketing campaign, and sales of the Charcoal Dentifrices, Pro Teeth induced Plaintiff and Nationwide Class members to purchase the Charcoal Dentifrices…").

Plaintiff's factual allegations fall far short of Rule 9(b)'s standard and are insufficient to support fraud-based claims. Instead of alleging facts about her experience with Pro Teeth dentifrice, which are necessary to substantiate the purported fraud, Plaintiff merely offers the unsupported conclusion that Pro Teeth product "had no effect on the color of her teeth and was actually abrading her enamel" without any additional explanation of how she reached that conclusion. Compl. ¶ 21. This is not enough. Neither are Plaintiff's conclusory facts unrelated to her specific use – "it was not of the value or efficacy as represented or worth the price that was paid; it has not been proven safe for use; and it is risky to use and potentially detrimental to oral health." *Id*. These conclusory allegations are not facts and provide no evidentiary basis for her conclusion that Pro Teeth's claims were somehow false. Plaintiff's sweeping, conclusory

11

allegations are not particularized facts sufficient to support fraud-based claims, and thus her fraud-based claims must be dismissed for failure to state a claim on which relief can be granted.

## CONCLUSION

For the foregoing reasons, Defendant Pro Teeth Whitening Co. LTD respectfully requests that the Court grant its Motion to Dismiss and enter an order dismissing Plaintiff's Complaint with prejudice.

                                    Respectfully submitted,

                                    */s/ Sheridan L. King*
                                    Sheridan L. King (#10007)
                                    Shipman & Goodwin LLP
                                    300 Atlantic Street, 3rd Floor
                                    Stamford, CT 06901-3522
                                    Telephone: (203) 324-8152
                                    Facsimile: (203) 324-8199
                                    sking@goodwin.com

                                    */s/ Wilson Stoker*
                                    M. Wilson Stoker (*pro hac vice*)
                                    Patrick Caballero (*pro hac vice*)
                                    COKINOS | YOUNG
                                    900 S Capital of TX Hwy
                                    Las Cimas IV Ste 425
                                    Austin, TX 78746
                                    Telephone: (512) 476-1080
                                    wstoker@cokinoslaw.com
                                    pcaballero@cokinoslaw.com
                                    ***COUNSEL FOR PRO TEETH WHITENING CO. LTD.***

## **REQUEST FOR ORAL ARGUMENT**

Pro Teeth requests oral argument on its Motion to Dismiss and estimates that one hour of time will be required.

/s/ *Sheridan L. King*
Sheridan L. King (#10007)

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of February 2021, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

/s/ *Sheridan L. King*
Sheridan L. King (#10007)