**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| CHELSEA ROUSSEL,<br>on behalf of herself and others<br>similarly situated,<br><br>          Plaintiff,<br><br>vs.<br><br>PRO TEETH WHITENING CO. LTD.<br><br>          Defendant, | )<br>)<br>)<br>)<br>) Case No. 1:20CV-00277-JJM-PAS<br>)<br>) **CLASS ACTION COMPLAINT**<br>)<br>) **JURY TRIAL DEMANDED**<br>) |

**DEFENDANT PRO TEETH WHITENING CO. LTD's**
**MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant, Pro Teeth Whitening Co. Ltd. ("Pro Teeth"), moves the Court to dismiss Plaintiff's First Amended Complaint pursuant to Federal Rules of Civil Procedure 8, 9, 10, and 12, as follows:

**I.     INTRODUCTION**

According to the First Amended Complaint ("FAC"), Plaintiff has filed this putative class action because her "expectations were not met" when she purchased whitening toothpaste for $14.99 almost three years ago. Plaintiff claims that she does not believe that the toothpaste was worth the price she paid and that it may have not been good for her enamel. Plaintiff provides just two paragraphs of individualized allegations in support of her four causes of action. This is not enough for this putative class action to proceed. The FAC makes it clear that Plaintiff is not able to sufficiently plead her claims and this attempt to pursue this lawsuit fails.

Plaintiff asserts causes of action based on statutory, equitable, and common law theories of recovery under the laws of all fifty states in relation to charcoal dentifrice products sold by Pro Teeth. Pro Teeth filed a Motion to Dismiss Plaintiff's Complaint [Dkt. 12], but instead of opposing that motion, Plaintiff filed the FAC, withdrawing certain claims and ostensibly adding additional

1

facts to remedy defects in the remaining allegations. [Dkt. 14] Plaintiff's additional allegations, however, are superficial and do not include the factual allegations necessary to cure the deficiencies raised by Pro Teeth.

Each cause of action raised in the FAC should be dismissed with prejudice for the following reasons:

1. Plaintiff's breach of warranty claims fail because Plaintiff did not provide the requisite notice as a matter of law and because there was no privity of contract.

2. Plaintiff, a Florida resident who allegedly purchased Pro Teeth toothpaste in Rhode Island, does not have Article III standing to bring claims on behalf of a nationwide class based on the application of the laws of states other than Rhode Island.

3. All of Plaintiff's claims based in fraud should be dismissed for failure to sufficiently meet applicable notice pleading requirements pursuant to Rules 8 and 9.

4. Plaintiff's FAC violates Rule 10(b), which requires separate claims to be asserted in separate counts, by asserting claims for the violation of fifty separate states' laws under single counts of the FAC.

5. The Federal Trade Commission Act (15 U.S.C. § 41 *et seq.*) and Federal Food, Drug and Cosmetic Act (21 U.S.C. §321 *et seq.*) (FTC Act and FD&C Act, respectively) do not provide for a private cause of action, and to the extent that Plaintiff asserts claims pursuant to those statutory frameworks, such claims should be dismissed.

Further, because Plaintiff has already had the opportunity to amend her Complaint, Pro Teeth requests that the Court dismiss her FAC with prejudice to refiling because any further attempts to amend would be futile.

## II.     SUMMARY OF ALLEGATIONS AND BACKGROUND

Pro Teeth is a maker of premium charcoal tooth dentifrices and tooth whitening products based in the United Kingdom.  Plaintiff Chelsea Roussel is a Florida resident who alleges that she purchased Pro Teeth Activated Charcoal Whitening Toothpaste online on March 2, 2018, while residing in Rhode Island.  [Dkt. 14, ¶21]  The entirety of Plaintiff's factual allegations against Pro Teeth are contained in a single paragraph in which Plaintiff alleges that she purchased Pro Teeth toothpaste based on representations that "the product was natural, would whiten teeth, had detoxifying properties, and was proven safe for enamel."  *Id*.  Plaintiff further alleges that after some unspecified period of usage, her expectations were not met.  *Id*.  Plaintiff makes conclusory allegations that Pro Teeth's statements were fraudulent because "the product had no effect on the color of her teeth and was actually abrading her enamel; it was not of the value or efficacy as represented or worth the price that was paid; it has not been proven safe for use; and it is risky to use and potentially detrimental to oral health."  *Id*.  Aside from these conclusory statements, Plaintiff offers no other details regarding her personal use of Pro Teeth toothpaste; her reliance on representations made by Pro Teeth; a description of her use of the toothpaste; the basis for her allegations of fraud; or the basis for her conclusory allegations regarding the effect of the toothpaste.  Plaintiff does not allege that she used any other type of Pro Teeth product.

Plaintiff's FAC contains over one hundred additional paragraphs of "factual allegations" based on summaries of random news articles about activated charcoal (¶¶38-55); federal statutes and regulations (¶¶105-115); idle speculation and conclusory, unsupported statements.  For example, the FAC references a variety of Pro Teeth products that Plaintiff does not claim to have used.  *Id.*,¶¶ 61, 63-65.  Plaintiff also spends several paragraphs discussing the fact that Pro Teeth has not received the ADA Seal of Acceptance for its products, but does not allege that Pro Teeth

ever claimed that it had received or even applied for the seal. *Id.*, ¶¶56-59. Plaintiff cherry-picks selected favorable quotes from random dentists to conclude that "in light of above sampling of statements from prominent dentists, as well as an ADA spokesperson, it is clear that Pro Teeth's claim the Charcoal Dentifrices are 'dentist approved' is false and inaccurate, and not substantiated with legitimate data, such as an objective survey of dentists' observations and experience in their dental practice." *Id.*, ¶118.

While the FAC contains alleged marketing materials for Pro Teeth products, Plaintiff does not allege that she viewed or relied on any of the cited materials. *Id.*, ¶¶66-67. Plaintiff fails to allege even the most basic facts regarding her duration of usage, frequency of usage, review and adherence to product directions, how she determined that the product was allegedly abrading her enamel, or any basis at all for her evaluation of Pro Teeth toothpaste.

In response to Pro Teeth's Motion to Dismiss the Original Complaint, Plaintiff now also acknowledges that she did not provide notice of the alleged breach of warranty before she filed suit in June 2020, over two years after she had purchased Pro Teeth toothpaste. [Dkt. 14, ¶22] Plaintiff otherwise offers no substantive additions to her factual allegations that were not contained in her initial Complaint

### III.   LEGAL STANDARDS FOR MOTION TO DISMISS

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* FED. R. CIV. P. 12(b)(6). A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 545. "[T]he doors of discovery" do not unlock "for a plaintiff armed with nothing more than conclusions," which should be disregarded along with

4

formulaic recitations of elements as well as unwarranted deductions and inferences. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Twombly*, 550 U.S. at 545.

### IV.  ARGUMENT

#### A.  PLAINTIFF'S BREACH OF WARRANTY CLAIMS FAIL

In order to state a claim for breach of warranty, a plaintiff "must within a reasonable time after he or she discovers or should have discovered any breach notify the seller of breach or be barred from any remedy." R.I.G.L.§ 6A-2-607; s*ee also San Antonio v. Warwick Club Ginger Ale Co.*, 248 A.2d 778, 781 (R.I. 1968) (dismissing warranty claim given to defendant twelve months after incident giving rise to claims); *Champlin v. United States*, 297 F. 503, 508 (D.R.I. 1924) (notice not reasonable when given 1 year and 11 months after delivery of product). In *Warwick*, the plaintiff injured her hand on a broken bottle purchased from the defendant store. 248 A.2d at 704. The undisputed facts showed that the defendant was not given notice until twelve months after the incident, and the court granted the defendant a directed verdict on the issue of reasonable notice. *Id*. at 706. The Supreme Court of Rhode Island affirmed, holding, "We think that the undisputed facts here are such that fairminded men could draw but one inference, namely that the notice given to Boulevard was not given within the reasonable time contemplated by s 6A-2-607(3)(a)." *Id*. at 708. In *Champlin*, the plaintiff sued for breach of warranty for allegedly defective yarn. 297 F. at 508-09. The facts showed that the plaintiff had given notice of the breach of warranty "1 year and 11 months after the delivery of the yarn, 1 year and 5 months after an unsatisfactory test at the Nield Mill, and 7 months after the final test at the Taber Mills." *Id*. at 509. The court held that notice was unsatisfactory as a matter of law, stating, "Upon the undisputed facts I find it impossible to hold that notice was given within a reasonable time after the buyer knew or ought to have known of the breach." *Id*.

In response to Pro Teeth's prior Motion to Dismiss, Plaintiff now admits that she did not provide notice of the alleged breach of warranty before she filed suit in June 2020, over two years after she had purchased Pro Teeth toothpaste. [Dkt 14, ¶21] Despite the excessive delay in filing suit, Plaintiff makes no effort to explain her failure to provide notice to Pro Teeth. In her FAC, Plaintiff simply asserts that notice was timely because "Plaintiff used the Chrarcol [sic] Dentifrice for a period of time before realizing it was not meeting her expectations and was not performing as promised by Defendant" -- which is actually no explanation at all. [Dkt. 14, ¶22] Based on the standards in *Warwick* and *Champlin*, Plaintiff's failure to provide notice was unreasonable as a matter of law. Accordingly, Plaintiff's warranty claims should be dismissed for failure to state a claim on which relief can be granted.

Furthermore, Plaintiff's implied warranty of merchantability claim fails because Plaintiff does not sufficiently allege the element of a contract between the parties, nor facts supporting a contract between the parties. Plaintiff bases her claim on R.I.G.L.§ 6A-2-314, which requires privity of contract to bring an implied warranty claim under Rhode Island law. There can be "no recovery based upon a breach of implied warranty ... without first alleging and establishing privity of contract." *Lombardi v. Ca. Packing Sales Co.*, 112 A.2d 701, 702 (R.I. 1955); *see also Klimas v. Int'l Tel. & Tel. Corp.*, 297 F. Supp. 937, 939-40 (D.R.I. 1969) (recognizing that the statutory implied warranty of merchantability requires contractual privity between plaintiff and manufacturer). As the Rhode Island Supreme Court has noted, the statute "provides that 'a warranty that the goods shall be merchantable is implied in *a contract for their sale* if the seller is a merchant with respect to goods of that kind.' . . . It is inconceivable that plaintiff could succeed on a claim of breach of implied warranty of merchantability when a contract for sale was never realized." *Dent v. PRRC, Inc.*, 184 A.3d 649, 653 (R.I. 2018) (emphasis original). Plaintiff does

not allege that she directly purchased Pro Teeth toothpaste; instead, she makes only unsupported allegations that she is a third-party beneficiary based on her online purchase as a basis for privity of contract. Because Plaintiff fails to establish that there was a contract between the parties, Plaintiff's implied warranty of merchantability claim should be dismissed for failure to state a claim on which relief can be granted.

### B. PLAINTIFF LACKS ARTICLE III STANDING TO ASSERT CLAIMS ON BEHALF OF A NATIONWIDE CLASS OR FOR VIOLATIONS OF OTHER STATES' LAWS

Without standing to sue, the Court lacks subject matter jurisdiction, and the corresponding claim should be dismissed under Rule 12(b)(1). *See Lyman v. Baker*, 954 F.3d 351, 360 (1st Cir. 2020). To establish Article III standing, a plaintiff must show: "(1) that the plaintiff suffered an 'injury in fact,' (2) that there is a 'causal connection between the injury and the conduct complained of,' and (3) that it is 'likely' that the injury will be redressed by the requested relief." *Sutliffe v. Epping School Dist.*, 584 F.3d 314, 325 (1st Cir. 2009)(citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). The plaintiff bears the burden of proof for each of these elements. *Osediacz v. City of Cranston*, 414 F.3d 136, 139 (1st Cir. 2005). "[E]ach element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561 (1992). When the "case is at the pleading stage, the plaintiff[s] must 'clearly […] allege facts demonstrating' each element." *Amrhein v. eClinical Works, LLC*, 954 F.3d 328, 330 (1st Cir. 2020).

Plaintiff, a Rhode Island resident, lacks Article III standing to assert "nationwide" claims because she has not suffered "nationwide" injuries that can be redressed through these counts. Plaintiff's claims in each count of the FAC are based on the violation of the state laws of the fifty separate states. [Dkt. 14, Counts I – IV]. But, the claims for violations of the laws of the other

7

forty-nine states have no application to Plaintiff's claims or her alleged injuries. *E.g., In re Niaspan Antitrust Litig.*, 42 F. Supp. 3d 735, 757-58 (E.D. Pa. 2014); *In re Refrigerant Compressors Antitrust Litig.*, No. 2:09–md–02042, 2012 WL 2917365, at *6-7 (E.D. Mich. July 17, 2012); *Thomas v. Metropolitan Life Ins. Co.*, 540 F. Supp. 2d 1212, 1224-26 (W.D. Ok. 2008) (dismissing claims alleging violations of the laws of the 40 states where the plaintiff is not alleged to have been a resident for lack of standing).

Thus, Plaintiff only has standing to bring claims related to the alleged violations of Rhode Island law – not the laws of the other forty-nine states that have no application to her purchase of the subject toothpaste or her purported injuries. *See, e.g. Sanchez-Knutson v. Ford Motor Co.*, No. 14-61344-CIV-DIMITROULEAS, 2015 WL 11197772, at *2 (S.D. Fla. Jul. 22, 2015) (dismissing nationwide Magnuson-Moss claim); *In re Ford Tailgate Litig.*, No. 11-CV-2953-RS, 2014 WL 1007066, *5 (N.D. Cal. Mar. 12, 2014) (dismissing putative "nationwide" Magnuson-Moss claims in the absence of a named plaintiff asserting a breach of warranty under those state's laws); *In re Porsche Cars N. Am., Inc. Plastic Coolant Tubes Prods. Liab. Litig.,* 880 F. Supp. 2d 801, 819 (S.D. Ohio 2012) (same); *In re Graphics Processing Units Antitrust Litig.,* 527 F. Supp. 2d 1011, 1026 (N.D. Cal. 2007) (dismissing state law claims in putative class action because no named plaintiff resided in those states); *Granfield v. NVIDIA Corp.,* No. C 11-05403 JW, 2012 WL 2847575, at *4 (N.D. Cal. Jul. 11, 2012) (dismissing all non-Massachusetts state law warranty claims with prejudice); *Suarez v. Playtex Prods., Inc.*, 08-C-2703, 2009 WL 2212315, at *2 (N.D. Ill. Jul. 24, 2009) (dismissing claims for jurisdictions where plaintiffs did not live); *Cornelius v. Fidelity Nat'l Title Co.*, No. C08-754MJP, 2009 WL 596585, at *9-10 (W.D. Wash. Mar. 9, 2009) (no basis for claims under out-of-state laws; lacking standing, claims dismissed); *McGuire v. BMW of N. Am., LLC,* No. 13-7356 JLL, 2014 WL 2566132, at *6-7 (D.N.J. June 6, 2014) ("[T]his Court

agrees that the Plaintiff here lacks standing to assert claims under the laws of the states in which he does not reside, or in which he suffered no injury); *Xi Chen Lauren v. PNC Bank, N.A.*, 296 F.R.D. 389, 391 (W.D. Pa. 2014) ("[Plaintiff] suffered an alleged injury exclusively under Ohio law. Therefore she does not have standing to assert unjust enrichment claims under the law(s) of any other state"); *In re Packaged Ice Antitrust Litig.*, 779 F. Supp. 2d 642, 657 (E.D. Mich. 2011) ("[N]amed plaintiffs lack standing to assert claims under the laws of states in which they do not reside or in which they suffered no injury"); *In re Niaspan Antitrust Litig.*, 42 F. Supp. 3d 735, 758 (E.D. Pa. 2014) (same).

Plaintiff has not alleged facts supporting elements of other state's laws for her various claims. The failure to provide specificity is meaningful, as certain of Plaintiff's claims have separate substantive requirements under the laws of other states. *E.g.*, *Hydro Inv'rs, Inc. v. Trafalgar Power Inc.*, 227 F.3d 8, 21 (2d Cir. 2000) (under New York law, negligent misrepresentation requires special relationship between plaintiff and defendant); *Martin Marietta Corp. v. International Telecommunications Satellite Org.*, 978 F.2d 140, 144 (4th Cir. 1992) (Maryland law requires more than contractual relationship in negligent misrepresentation claim). It is Plaintiff's burden to establish a right to proceed under the laws of separate states, but here Plaintiff entirely fails to do so. Therefore, Plaintiff's "nationwide" class action cannot stand. Accordingly, Plaintiff's non-Rhode Island claims should be dismissed for lack of standing under Rule 12(b)(1), which deprives the court of jurisdiction, and for failure to state a claim on which relief can be granted under Rule 12(b)(6).

    **C.**    **PLAINTIFF'S CLAIMS BASED ON FRAUD SHOULD BE DISMISSED**

"Federal Rule of Civil Procedure 9(b) imposes a heightened pleading requirement on plaintiffs alleging fraud." *Suna v. Bailey Corp.*, 107 F.3d 64, 68 (1st Cir. 1997); *see also*

9

*Alternative Sys. Concepts, Inc. v. Synopsys, Inc.*, 374 F.3d 23, 29 (1st Cir. 2004) (explaining that cases alleging fraud and misrepresentation constitute an exception to the general rule that "[g]reat specificity is ordinarily not required to survive a Rule 12(b)(6) motion").  Rule 9(b) states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  FED. R. CIV. P. 9(b).  A complaint making such allegations must: 1) specify the statements that the plaintiff contends were fraudulent; 2) identify the speaker; 3) state where and when the statements were made; and 4) explain why the statements were fraudulent.  *Suna*, 107 F.3d at 68; *Grady v. Goldberg*, No. 07-237 ML, 2008 WL 821610, at *5 (D.R.I. Mar. 27, 2008); *compare* 5A C. Wright & A. Miller, Federal Practice and Procedure § 1301, p. 291 (3d ed. 2004) ("[A] rigid rule requiring the detailed pleading of a condition of mind would be undesirable because, *absent overriding considerations pressing for a specificity requirement, as in the case of averments of fraud or mistake*, the general 'short and plain statement of the claim' mandate in Rule 8(a) ... should control the second sentence of Rule 9(b)") (emphasis added).  "The core purposes of Rule 9(b) are 'to place the defendants on notice and enable them to prepare meaningful responses,' 'to preclude the use of a groundless fraud claim as pretext for discovering a wrong,' and 'to safeguard defendants from frivolous charges [that] might damage their reputation.'"  *Dumont v. Reily Foods Co.*, 934 F.3d 35, 39 (1st Cir. 2019) (quoting *New England Data Servs., Inc. v. Becher*, 829 F.2d 286, 289 (1st Cir. 1987)).  If the Rule 9(b) standard is not met, dismissal under Rule 12(b)(6) is appropriate.  *Clark v. Mortgage Elec. Registration Sys., Inc.,* 7 F. Supp. 3d 169, 182 (D.R.I. 2014).

"By its terms, Rule 9(b) applies to 'all averments of fraud,' " *Rombach v. Chang*, 355 F.3d 164, 171 (2d Cir. 2004), "and is not limited to allegations styled or denominated as fraud or expressed in terms of the constituent elements of a fraud cause of action." *Id.*  Thus, the heightened

pleading requirements of Rule 9(b) apply to "any claim that 'sounds in fraud,' regardless of whether fraud is an element of the claim." *Tyman v. Pfizer, Inc.*, No. 16CV06941LTSBCM, 2017 WL 6988936, at *8 (S.D.N.Y. Dec. 27, 2017).

Each of the Counts contained in Plaintiff's FAC clearly "sounds in fraud," as Plaintiff repeatedly alleges conduct on the part of Pro Teeth that is fraudulent, misleading, or deceptive. *See In re Textron, Inc. ERISA Litig.*, No. 09-CV-00383-PJB, 2011 WL 3917922, at *4 (D.R.I. Sept. 6, 2011) ("Because this claim alleges that defendants actively misled investors, it sounds in fraud and is subject to Rule 9(b)."). Plaintiff's claims are rooted in purported misrepresentations or omissions regarding Pro Teeth's charcoal dentifrice packaging and online information. [Dkt. 14, ¶21] ("Defendant's statements/representations made to Plaintiff online in 2018 were fraudulent in that, for example, the product had no effect on the color of her teeth and was actually abrading her enamel; it was not of the value or efficacy as represented or worth the price that was paid; it has not been proven safe for use; and it is risky to use and potentially detrimental to oral health."); *Id*., ¶32 ("Whether Pro Teeth engaged in unfair, fraudulent, or unlawful business practices with respect to the advertising, marketing, and sale of the Charcoal Dentifrices…"); *Id*., ¶186 ("As a result of Pro Teeth's deceptive and misleading labeling, advertising, marketing campaign, and sales of the Charcoal Dentifrices, Pro Teeth induced Plaintiff and Nationwide Class members to purchase the Charcoal Dentifrices…"). Further, Plaintiff has not actually addressed other allegations of fraud in response to the same argument being raised in Pro Teeth's Motion to

Dismiss.  Despite withdrawing her statutory deceptive trade practice claims, Plaintiff liberally describes Pro Teeth's conduct underlying all of her claims as fraudulent, misleading, or deceptive.[1]

Plaintiff's factual allegations fall far short of Rule 9(b)'s standard and are insufficient to support fraud-based claims because they do not provide Pro Teeth sufficient notice to prepare a meaningful defense.  Instead of alleging facts about her experience with Pro Teeth dentifrice and the specific fraudulent representations on which she allegedly relied, which are necessary to substantiate the purported fraud, Plaintiff merely offers the unsupported conclusion that Pro Teeth product "had no effect on the color of her teeth and was actually abrading her enamel" without any additional explanation of how she reached that conclusion.  [Dkt. 14, ¶21].  This vague allegation is not enough.  Neither are Plaintiff's conclusory facts unrelated to her specific use – "it was not of the value or efficacy as represented or worth the price that was paid; it has not been proven safe for use; and it is risky to use and potentially detrimental to oral health."  *Id*.  These conclusory allegations are not facts and provide no evidentiary basis for her conclusion that Pro Teeth's claims were somehow false.  *See U.S. ex rel. Duxbury v. Ortho Biotech Products, L.P.*, 579 F.3d 13, 20 (1st Cir. 2009) (dismissal of False Claims Act claims appropriate where relator failed to plead fraud with sufficient particularity in compliance with Rule 9(b)).  Plaintiff's sweeping, conclusory allegations are not particularized facts sufficient to support fraud-based claims, which underlie all Counts, and thus all of her claims should be dismissed for failure to state a claim on which relief can be granted.

---

[1] *E.g., id*., ¶ 55 ("False and deceptive messaging, together with the selective provision of information could be classed as misleading practice," ¶59 ("Nevertheless, [Pro Teeth] has chosen to make the exact sort of false, deceptive, and/or misleading extravagant claims that inspired the creation of the ADA's Seal Program.", ¶¶74-78 ("The adsorptive qualities of charcoal are irrelevant in the context of purported teeth whitening, and Pro Teeth's representations in this regard are misleading and deceptive.").  *See also, id.,* ¶¶96, 98, 122, 123, 136, 175, 181, 186-88.

### D.     PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED UNDER RULE 10(B)

Plaintiff's FAC should be dismissed for impermissibly lumping various state law claims within single counts of the FAC in violation of Rule 10(b). Rule 10(b) provides that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b). The rule also provides that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence ... must be stated in a separate count ...." *Id.* Plaintiff instead alleges violations of the laws of all fifty states, but cites no applicable statutes or authority from any state other than Rhode Island, making it impossible for Pro Teeth to respond.

More specifically, each count of Plaintiff's FAC is pled to include statutory, equitable, or common-law tort theories of recovery for the laws of all fifty states without citation to the laws of *any other state*. *See* Count I ("Plaintiff brings this claim under Article 2 of the Uniform Commercial Code [ ] (as codified under Rhode Island law at 6A R.I.G.L.§ 6A-1-101 *et. seq.* and other alternatively reserves the right to bring this claim on behalf of state subclasses under Section 2-313 of the UCC has it has been adopted, codified and applied by such states where members of the Nationwide Class reside), and does so on behalf of herself and the members of the Nationwide Class." (¶141; *see also* n.109)); Count II ("Plaintiff brings this claim under Article 2 of the UCC (as codified under Rhode Island law at 6A R.I.G.L.§ 6A-1-101 *et. seq.* and other states where members of the Nationwide Class reside) and does so on behalf of herself and members of the Nationwide Class" (¶156)); Count III ("Plaintiff and Nationwide Class members reasonably and justifiably relied upon the Pro Teeth's negligent and unsubstantiated misrepresentations and Pro Teeth's suppression and omission of material information, which were in violation of Pro Teeth's

duties, and Plaintiff and members of the Nationwide Class have been damaged thereby." (¶179)); Count IV (asserting Nationwide Class claims for unjust enrichment. (¶¶184-191)).

Plaintiff cannot plausibly make allegations in such broad, non-specific terms, yet assert that those claims cover the laws of fifty separate states. As noted, the failure to provide specificity is meaningful, as certain of Plaintiff's claims have separate substantive requirements under the laws of other states. *E.g.*, *Hydro Inv'rs*, 227 F.3d at 21 (under New York law, negligent misrepresentation requires special relationship between plaintiff and defendant); *Martin Marietta*, 978 F.2d at 144 (Maryland law requires more than contractual relationship in negligent misrepresentation claim). It is Plaintiff's burden to establish a right to proceed under the laws of separate states, but here Plaintiff entirely fails to do so. Because Plaintiff's FAC impermissibly lumps disparate and separate theories of liability arising under the laws of fifty states together into single counts, Pro Teeth cannot respond to the FAC as the precise legal theories and claims being asserted (other than those based on Rhode Island law) are entirely unclear. Accordingly, Plaintiff's FAC should be dismissed for failing to comply with Rule 10(b) and for failing to state a claim on which relief can be granted under Rule 12(b)(6).

### E.    NO PRIVATE RIGHT OF ACTION

In addition to Plaintiff's claims being barred by the state exemption, the FD&C Act and the FTC Act do not provide for a private cause of action. *See* 21 U.S.C. § 337(a) ("Except as provided in subsection (b), all such proceedings for the enforcement, or to restrain violations, of this chapter shall be by and in the name of the United States."); *Holloway v. Bristol-Myers Corp.*, 485 F.2d 986, 989 (D.C. Cir. 1973) (holding FTC Act does not provide for a private right of action). Plaintiff repeatedly alleges violations of the FD&C Act and FTC Act, but no federal private right of action exists. Plaintiff's claims arising out of the FD&C Act and FTC Act should be dismissed for failure to state a claim on which relief can be granted.

Plaintiff similarly alleges violations of "various state statutory and regulatory schemes that parallel and mirror" the FTC Act and FD&C Act, but fails to identify any such state statutory and regulatory schemes. [Dkt. 14, ¶107] These allegations provide no notice at all and should be dismissed for failure to state a claim on which relief can be granted.

## CONCLUSION

For the foregoing reasons, Defendant Pro Teeth Whitening Co. LTD respectfully requests that the Court grant its Motion to Dismiss and enter an order dismissing Plaintiff's First Amended Complaint with prejudice.

Respectfully submitted,

*/s/ Wilson Stoker*
M. Wilson Stoker (*pro hac vice*)
Patrick Caballero (*pro hac vice*)
COKINOS | YOUNG
900 S Capital of TX Hwy
Las Cimas IV Ste 425
Austin, TX 78746
Telephone: (512) 476-1080
wstoker@cokinoslaw.com
pcaballero@cokinoslaw.com

*/s/ Sheridan L. King*
Sheridan L. King (#10007)
Shipman & Goodwin LLP
300 Atlantic Street, 3rd Floor
Stamford, CT 06901-3522
Telephone: (203) 324-8152
Facsimile: (203) 324-8199
sking@goodwin.com

***COUNSEL FOR PRO TEETH WHITENING CO. LTD.***

## **REQUEST FOR ORAL ARGUMENT**

Pro Teeth requests oral argument on its motion to dismiss and estimates that one hour of time will be required.

>/s/ *M. Wilson Stoker*
>M. Wilson Stoker

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 4th day of March 2021, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel of record.

                                                    /s/ *M. Wilson Stoker*
                                                     M. Wilson Stoker